IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GABRIEL B. FOLKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 02-3246 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Gabriel B. Folks' Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) (Motion) (d/e 34). On September 24, 2002, Folks filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). This Court denied the Motion on May 27, 2003. Folks petitioned for a Certificate of Appealability on June 12, 2003. The Court granted Folks a limited Certificate of Appealability on July 2, 2003. On July 14, 2003, the Government filed a Motion to Vacate Certificate of Appealability. On February 25, 2004, the Court of Appeals granted the Government's Motion to Vacate Certificate of Appealability and denied

1

Folks's request for a Certificate of Appealability. In a Motion captioned under Fed. R. Civ. P. 60(b)(6), Petitioner now asks the Court to vacate his sentence in light of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220 (2005). The Government has filed a Motion to Dismiss Petitioner's Motion under Fed. R. Civ. P. 60(b)(6) (d/e 37). For the reasons set forth below, Folks's Motion is dismissed for lack of jurisdiction.

Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244. "[A] motion . . . in a case already on file can be a 'second or successive motion' under the AEDPA." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999). The Seventh Circuit has stated that the Supreme Court's decision in Gonzalez v. Crosby stands for the proposition "that a procedural argument (say, one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned." United States v. Scott, 414 F.3d 815, 816 (7th

2

Cir. 2005); Gonzalez, 125 S.Ct. 2641 (2005). Such a motion "must be seen for what it is and dismissed by the district judge." Johnson, 196 F.3d at 805. "Petitioners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations omitted) (emphasis in original).

Folks's Rule 60(b) Motion is clearly an attempt at a second collateral attack. Rather than contesting the integrity or the legitimacy of the previous habeas proceeding, as would be appropriate under a Rule 60(b)(6) motion, the instant Motion attacks the validity of Folks's conviction and sentence by essentially asserting the same argument that Folks had made in his previous habeas application. As he did in his previous habeas petition, Folks contends that this Court violated the holding of Apprendi because the indictment failed to allege a specific drug quantity, and the jury did not decide the quantity of drugs for which he would be held accountable. Folks specifically states in the instant Motion that "[t]here is no doubt whatsoever that had [his] sentencing been delayed and Apprendi applied or had the

3

issue been argued on appeal, the Court of appeals would have granted Folks's appeal and vacated his sentence." Petitioner's Memorandum of Law in Support of Rule 60(b)(6) Motion (d/e 35), p. 6.  Folks also attacks the validity of his conviction and sentence by citing recent Supreme Court decisions, Blakely and Booker.  This Court lacks the authority to decide Folks' Rule 60(b)(6) Motion because it is an unambiguous attempt at a second collateral attack.[1]

The Court must dismiss the instant Motion because Folks has failed to meet the certification requirements of § 2255 ¶ 8.  The certification requirements of § 2255 ¶ 8 apply to a second or successive "motion."  A motion under Rule 60(b) "fit[s] this description -- and must, if these statutes are to limit multiple efforts to obtain collateral review." Johnson, 196 F.3d at 805.  Recharacterization by the sentencing court of a prisoner's successive collateral motions as falling under § 2255 does not pose the same risk as a similar recharacterization of an initial post-judgment motion. Melton, 359 F.3d at 857.  The prisoner has already enjoyed an initial round of collateral review and with it the protections set out in Castro v. United

---

[1] The Court notes that Folks reliance on Apprendi, Blakely and Booker is misplaced.  The holdings of Apprendi, Blakely and Booker do not apply retroactively on collateral review.  See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).

States, 540 U.S. 375 (2003).

Folks did not receive authorization from the Court of Appeals to commence his successive attack. "From the district court's perspective, [the certification process] is an allocation of subject-matter jurisdiction to the court of appeals." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the Court of Appeals has not given approval for the filing, this Court lacks jurisdiction, and Folks's Motion must be dismissed. See id.

Therefore, Petitioner's Motion Pursuant to Rule 60(b)(6) (d/e 34) is DISMISSED for lack of jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 20, 2006.

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE