IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GABRIEL B. FOLKS, | ) |
| Petitioner, | ) |
| v. | ) No. 02-3246 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Gabriel Folks has filed a Notice of Appeal (d/e 42), which the Court will also treat as a Motion for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(Motion). On January 18, 2006, Folks filed a Pro Se Motion to Set Aside and Vacate Sentence pursuant to Fed. R. Civ. P. 60(b)(6), attempting to collaterally attack his sentence. Because Folks had previously filed a § 2255 Petition and had not received permission from the Court of Appeals to file a successive collateral attack, the Court dismissed Folks' Petition for lack of jurisdiction. Folks now seeks to appeal this dismissal. For the reasons set forth below, Folks' Motion for a Certificate of Appealability is denied.

On July 8, 1999, Folks was indicted for the possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Following a jury trial, Folks was found guilty of the offense, and was sentenced to 30 years of imprisonment and ordered to serve a term of eight years of supervised release. Folks filed a direct appeal to the Seventh Circuit. On January 5, 2001, the Seventh Circuit affirmed Folks' conviction and sentence. Folks subsequently petitioned for a writ of certiorari to the Supreme Court, which was denied on October 1, 2001.

On September 24, 2002, Folks filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). This Court denied the Motion on May 27, 2003. Folks petitioned for a Certificate of Appealability on June 12, 2003. The Court granted Folks a limited Certificate of Appealability on July 2, 2003. On December 2, 2003, the Government filed a Motion to Vacate Certificate of Appealability with the Court of Appeals. On December 2, 2003, the Court of Appeals granted the Government's Motion to Vacate Certificate of Appealability and denied Folks' request for a Certificate of Appealability. On January 18, 2006, Folks filed a Pro Se Motion to Set Aside and Vacate Sentence pursuant to Fed. R. Civ. P. 60(b)(6), which this Court dismissed

for lack of jurisdiction on March 21, 2006. This decision was based on the fact that Folks had previously filed a § 2255 petition and had not received permission from the Court of Appeals to file a second collateral attack. Judgment was entered on March 23, 2006. On May 1, 2006, Folks filed a Notice of Appeal, which the Court construes as a Motion for a Certificate of Appealability.

Appellate proceedings on collateral review cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2255 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court dismissed Folks' Rule 60(b) Motion for lack of jurisdiction. Folks is not entitled to a Certificate of Appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA is appropriate only if the petitioner shows, "that jurists of reason would find it debatable whether the petition states a

3

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

No jurist of reason would find this Court's dismissal of Folks' Rule 60(b) Motion for lack of jurisdiction to be debatable.  In a motion labeled under Rule 60(b), Folks did not raise a procedural question, but rather advanced substantive objections to his conviction and sentence.  It was, therefore, a new collateral attack.  United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (citing Gonzalez v. Crosby, 125 S.Ct. 2641 (2005)).  Reasonable jurists would not disagree with this Court's earlier holding that Folks' Rule 60(b) Motion was an attempt at a successive habeas petition, and thus, this Court lacked jurisdiction because Folks had not received permission from the Court of Appeals to file a second habeas petition.

THEREFORE, Folks' Motion for a Certificate of Appealability (d/e 42) is DENIED.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 19, 2006.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                           UNITED STATES DISTRICT JUDGE